IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NORRIS W. GREEN, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO. 2:18-cv-719-GMB |
| | ) |
| STATE BOARD OF MEDICAL | ) |
| EXAMINERS, et al., | ) |
| | ) |
| DEFENDANTS. | ) |

## MOTION FOR MORE DEFINITE STATEMENT

Pursuant to Federal Rule of Civil Procedure 12(e), the Alabama Board of Medical Examiners ("ABME"), Dr. Joseph Falgout, Dr. Gregory Ayers, Dr. David Herrick, Dr. Dick Owens, Dr. Mark LeQuire, Dr. Eli Brown, Dr. Beverly Jordan, Dr. John Meigs, Dr. Bradley Rice, Dr. Charles Rogers, Dr. Boyde Jerome ("Jerry") Harrison, Dr. Gary Leung, Patricia Shaner, and Wilson Hunter (collectively referred to as "Agency Defendants"), move this Court to require Plaintiff Norris W. Green ("Plaintiff") to provide a more definite statement of his claims. The First Amended Complaint ("FAC") is vague and ambiguous such that Agency Defendants have to guess as to the particular claims to which they individually should respond and the facts upon which Plaintiff relies. In support of its Motion, Agency Defendants provide the following:

### PROCEDURAL AND FACTUAL BACKGROUND

On August 8, 2018, Plaintiff brought this wrongful termination case against his former employer, the ABME, its board members, its general counsel, and other defendants. ECF No. 1. On September 6, 2018, this Court granted Defendants Joint Motion to Extend Responsive Pleading Deadline. ECF No. 44. Plaintiff subsequently filed the FAC on September 7, 2018. ECF No. 48. The FAC seeks relief for five separate causes of action across fifty-four pages, including forty-

nine numbered paragraphs of factual allegations. Despite this length, the FAC engages in "shotgun" pleading and fails to clearly set forth the causes of action and supporting factual allegations that correspond to each of the respective Agency Defendants.

## ARGUMENT

Rule 12(e) of the Federal Rules of Civil Procedure permits a party to file a motion for more definitive statement if a pleading to which a responsive statement is allowed "is so vague and ambiguous that a party cannot reasonably prepare a response." The Supreme Court held that a court should grant a motion for more definite statement to correct a deficiency in a pleading that "fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 516 (2002). Relief under Rule 12(e) is also appropriate where legal claims in the challenged pleading do not clearly correspond to individual defendants in a complaint. *See Cruz v. Cinram Int'l, Inc.*, 574 F. Supp. 2d 1227, 1233 (N.D. Ala. 2008) (holding that a motion for a more definite statement is appropriate relief where the plaintiff's complaint asserts "factual allegations against 'Defendants' as a group, with no statements of individual wrongs by individual defendants"); *see also Mt. Hebron Dist. Missionary Baptist Ass'n of AL., Inc. v. The Hartford Co.*, No. 3:16-cv-00658-CDL-GMB, 2017 WL 4467016, at *1 (M.D. Ala. 2017) (Borden, Mag.) ("Lumping all of the defendants into one collective group in this manner 'does not give fair notice' to the defendants of the claims against them and the factual allegations underlying those claims." (citations omitted)).

Here, the FAC suffers from significant flaws which are sufficient to require Plaintiff to amend its pleading. First, the FAC is a textbook "shotgun" style pleading that the Eleventh Circuit routinely and consistently rejects. Second, the FAC leaves Agency Defendants guessing as to what the precise legal claims are against each of the parties. Accordingly, Agency Defendants

respectfully request the Court to grant its Motion for More Definite Statement and to require Plaintiff to amend the FAC with sufficient specificity to enable Agency Defendants to formulate a response.

**I.      Plaintiff's FAC is a Classic Example of Inappropriately "Shotgun" Pleading Factual Allegations.**

As the Eleventh Circuit has repeatedly noted, "shotgun" style pleadings are highly scrutinized and improper. *See, e.g., Lowe v. Delta Air Lines Inc.*, 730 F. App'x 724, 729 (11th Cir. 2018); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-58 (11th Cir. 2018); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 & n.54 (11th Cir. 2008). A "shotgun pleading" is a pleading that "incorporate[s] every antecedent allegation by reference into each subsequent claim for relief." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim for relief." *Anderson v. Dist. Bd. of Trs. Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *see also Litman v. Mabus,* No. 1:13cv43-WLS, 2013 WL 5781666, at *2 (M.D. Ga. Oct. 25, 2013) ("The main problem with a shotgun pleading, however, is that it does not notice the opposing party of the *factual allegations* that relate to each cause of action.") (emphasis in original; citing *Wagner,* 464 F.3d at 1279). The Eleventh Circuit condemns shotgun pleadings "both for the confusion they cause litigants and the havoc they wreak on the docket." *Mt. Hebron Dist. Missionary Baptist Ass'n of Ala., Inc. v. The Hartford Co.*, 2017 WL 4467016, *1 (M.D. Ala. Mar. 16, 20147) (Borden, Mag.) (citation and internal quotation marks omitted); *see Wagner*, 464 F.3d at 1279 ("[S]hotgun pleadings wreak havoc on the judicial system." (citation omitted)); *Bryne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2001) (stating shotgun pleadings are "abusive litigation tactics" that if "deliberate and actually impedes the orderly litigation of the case, to wit: obstructs justice, the perpetrator could be cited for criminal contempt.").

The appropriate vehicle to remedy a shotgun pleading is a motion for more definite statement under Federal Rule of Civil Procedure 12(e). *See e.g., Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126-27 (11th Cir. 2014) ("A defendant served with a shotgun complaint should move the district court . . . for a more definite statement pursuant to Rule 12(e) on the ground that the complaint provides it with insufficient notice to enable it to file an answer."); *Byrne v. Nezhat*, 261 F.3d 1075, 1129-30 (11th Cir. 2001) (when faced with a shotgun pleading, a district court must order a litigant to replead for a more definite statement of the claim).

Here, all of Plaintiff's factual allegations in the FAC, which span twenty-seven pages, are incorporated by reference to "each of the causes action set forth[.]" *See* FAC at pg. 37, ¶ 47. This is the exact definition of shotgun pleading. *See Wagner*, 464 F.3d at 1279. With this type of drafting, Agency Defendants cannot know which factual allegations support Plaintiff's specific claims. Stated differently, the sixteen separate Defendants are left guessing and attempting to piecemeal a cognizable complaint. This leaves Agency Defendants without proper notice to respond to the FAC appropriately. As such, Plaintiff's shotgun style FAC fails federal pleading standards, and the Court should order Plaintiff to replead.

**II.   The FAC does not clearly establish what the exact legal claims are against the specific Agency Defendants.**

Where the plaintiff asserts claims against multiple defendants, the complaint must give each individual defendant fair notice of the nature of the plaintiff's claims and the grounds on which the claims rest. *See, e.g., Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007) (holding that "in a case involving multiple defendants . . . the complaint should inform each defendant of the nature of" the plaintiff's claims against it); *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) (holding that the plaintiff's 'shotgun' complaint was improper where the plaintiff failed to identify which facts

4

were applicable to which claim and *which claims were applicable to which defendant*); *Lane v. Capital Acquisitions & Mgmt. Co.*, 04-60602 CIV, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the [plaintiff's] Complaint fails to satisfy the minimum standard" of pleading.).

The FAC fails to meet this required showing. Many causes of action in the FAC fail to disaggregate Agency Defendants, and instead generally make reference to "all the previously named members of the State Board of Medical Examiners[.]" *See* FAC at pg. 46, ¶ 3. Furthermore, it is unclear whether Plaintiff makes these allegations against Agency Defendants in their individual or official capacities, a distinction with significant import to applicable defenses. Instead, Plaintiff broadly refers to the Agency Defendants "individually and collectively." *Id.* at 40.

Additionally, Agency Defendants cannot articulate what legal claims Plaintiff is even asserting against them. For example, Cause of Action IV seeks relief under 42 U.S.C. § 1983 for an alleged violation of Plaintiff's Due Process rights. *See id.* at pg. 48-51, ¶ 1-15. Nonetheless, Plaintiff uses Cause of Action IV to also plead a violation of "Plaintiff's right of privacy," *Id.* at pg. 50, ¶ 14, which is set forth in an entirely different cause of action. *See id.* at pgs. 47-48, ¶ 1. In the same cause of action, Plaintiff appears to plead an apparent defamation claim under 42 U.S.C. § 1983, which contradicts Plaintiff's statement "[t]he Plaintiff has no adequate remedy pursuant to state law" for the alleged violations. Compare *id.* at pg. 48, *with*, i*d.* at pg. 50, ¶ 14. Likewise, under Plaintiff's Invasion of Privacy cause of action, Plaintiff ostensibly pleads a Due Process violation, stating the "ABME Board of [sic] violated the right of the Plaintiff to present Plaintiff's own evidence." *Id.* at pg. 49, ¶ 6.

Plaintiff's deficient pleading continues in Cause of Action II—which allegedly sets forth "Tortuous [sic] Interference with Employment Relationship"—to plead allegations of "slanderous and defamatory comments[.]" *Id.* at pg. 41. Plaintiff maunders at length about alleged actions of Defendant Shaner and Defendant Hunter, however, the Plaintiff fails to state how these Defendants actually interfered with a contractual relationship. In fact, the Plaintiff contradicts his own assertions by surmising that "a majority of the members of the State Board of Medical Examiners" had already made the decision "to get rid of the Plaintiff[.]" *Id.* at pgs. 43-44. Additionally, Plaintiff again jumps from the apparent interference cause of action to a claim for violation of Due Process rights, all while pleading defamation and libel. *Id.* at pg. 45. Despite Plaintiff's prolonged pleading, Plaintiff fails to acknowledge that Defendant Shaner and Defendant Hunter possessed no authority to make employment decisions regarding the Executive Director and fails to specifically set forth any actions that would suffice for a cause of action for tortious interference with contractual relations.

Plaintiff fails to state cohesive causes of action and treats all Agency Defendants as a collective unit without proper respect for the individual parties involved. The FAC makes it impractical to discern what precise legal claims are being brought against the individual Agency Defendants. This is a particularly glaring flaw that makes it impossible to determine the nature of the claims before the Court. Accordingly, Plaintiff's FAC fails to make clear which facts support the causes of action and which causes of action are asserted against the many individual Agency Defendants.

**III.    The FAC Should be Amended Pursuant to the Requirements Set Forth in *Byrd v. Buckner*.**

This Court has previously provided plaintiffs with specific guidance for amending shotgun pleadings. *See Byrd v. Buckner*, No. 2:18-CV-122-WKW, 2018 WL 4328582 (M.D. Ala. Sept. 10,

2018) (Watkins, C.J.) (dismissing plaintiff's complaint *sua sponte* because it was a shotgun pleading). In *Byrd v. Buckner*, Judge Watkins granted Plaintiffs leave to amend their deficient complaint in accordance with the Federal Rules of Civil Procedure and the following requirements:

   a. The amended complaint must set forth, with clarity, short and plain statements showing Plaintiffs are entitled to relief. The body of the complaint shall contain (1) a statement of the grounds for the court's jurisdiction; (2) allegations of fact showing that each Plaintiff is entitled to relief; (3) claims for relief set forth in various counts of the complaint; and (4) a demand for relief sought. Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 10(b)

   b. The complaint must set forth, in separately numbered paragraphs, allegations of fact that are simple, concise, direct, sufficiently detailed, and material to Plaintiffs' claims. Plaintiffs must allege facts showing each Defendant's involvement in each claim and how each Defendant violated Plaintiffs' rights.

   c. Plaintiffs may not simply incorporate all factual allegations by reference into each count; rather, Plaintiffs must indicate with clarity which specific factual allegations are material to each specific count.

   d. Counts that pertain to fewer than all Plaintiffs shall not be asserted on behalf of "Plaintiffs" as an entire group, and counts that pertain to fewer than all Defendants in all capacities shall not be asserted against "Defendants" as an entire group. The complaint should make clear which Plaintiffs and which Defendants *are and are not* subject to each count.

   e. The complaint must state which counts and demands for relief (including demands for injunctive, declaratory, and monetary relief) are asserted against which Defendant(s) and *in what capacity* (official capacity, individual capacity, or both). Plaintiff shall have a colorable legal basis for asserting each count or demand for relief against each particular Defendant in each specified capacity. Fed. R. Civ. P. 11(b)(2).

*Id*. at *3 (emphasis original). Assuming this Court finds the FAC constitutes a shotgun pleading—which it should—the Agency Defendants respectfully request this Court to order Plaintiff to amend

his complaint in accordance with these requirements so that he may best address the deficiencies outlined above.

## **CONCLUSION**

For these reasons, the Agency Defendants respectfully request that this Court grant this motion for more definite statement and require Plaintiff to submit a pleading that complies with the Federal Rules of Civil Procedure and *Byrd v. Buckner*'s guidelines, identifies the appropriate Agency Defendant for each cause of action, and specifies the facts supporting each cause of action.

Consistent with the Middle District of Alabama's Administrative Procedure for Filing, Signing, and Verifying Pleadings and Documents in the District Court under the CM/ECF System, the filing attorney certifies that all signatories to this document agree to its filing.

Respectfully submitted this 26th day of October, 2018.

/s/ Barbara J. Wells
**BARBARA J. WELLS (GIL037)**
**C. RICHARD HILL, JR. (HIL045)**
**BLAKE BROOKSHIRE (BRO313)**

**OF COUNSEL:**
**CAPELL & HOWARD, P.C.**
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, AL 36102-2069
Telephone: (334) 241-8000
Facsimile: (334) 323-8888
Email: Barbara.Wells@chlaw.com
Email: Rick.Hill@chlaw.com
Email: Blake.Brookshire@chlaw.com

/s/ Tabor R. Novak, Jr.
**TABOR R. NOVAK, JR. (NOV001)**
**MILAND F. SIMPLER, III (SIM103)**
*Attorneys for State Board of Medical Examiners, Drs. LeQuire, Brown, Jordan, Meigs, Rice, Rogers, Falgout, Ayers, Herrick, Leung, and Owens*

**OF COUNSEL:**
**BALL BALL MATTHEWS & NOVAK, PA**
445 Dexter Avenue Suite 9045
Montgomery, Alabama 36104
Telephone: (334) 387-7680
Facsimile: (334) 387-3222
Email: tnovak@ball-ball.com
Email: msimpler@ball-ball.com

/s/ Marc James Ayers
**MARC JAMES AYERS (AYE006)**
**DAVIS S. VAUGHN (VAU020)**
*Attorneys for Wilson Hunter*

**OF COUNSEL:**
**BRADLEY ARANT BOULT CUMMINGS LLP**
One Federal Place
1819 5th Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8598
Facsimile: (205) 488-6598
Email: mayers@bradley.com
Email: dvaughn@bradley.com

/s/ Brandon K. Essig
**BRANDON K. ESSIG (ESS001)**
**LOGAN T. MATTHEWS (MAT068)**
*Attorneys for Defendant Boyde Jerome Harrison, M.D.*

**OF COUNSEL:**
**LIGHTFOOT FRANKLIN & WHITE LLC**
The Clark Building
400 20th Street North
Birmingham, Alabama 35203
Telephone: (205) 581-0738
Facsimile: (205) 581-0799
Email: bessig@lightfootlaw.com
Email: lmatthews@lightfootlaw.com

                /s/ R. Mac Freeman, Jr.
                **R. MAC FREEMAN, JR. (FRE046)**
                *Attorney for Defendant*
                *Boyde Jerome Harrison, M.D.*

**OF COUNSEL:**
**RUSHTON STAKELY**
184 Commerce Street
Montgomery, AL 36104
Telephone: (334) 206-3114
Facsimile: (334) 481-0807
Email: RMF@rushtonstakely.com

                */s/ Robert D. Segall*
                **ROBERT D. SEGALL (SEG003)**
                *Attorney for Defendant*
                *Patricia Shaner*

**OF COUNSEL:**
COPELAND FRANCO SCREWS & GILL
P.O. Box 347
Montgomery, Alabama  36101-0347
Telephone: (334) 834-1180
Facsimile: (334) 834-3172
Email: segall@copelandfranco.com

                */s/ Joe Peddy*
                **JOE PEDDY (PED002)**
                *Attorney for Defendant*
                *Gary Leung, M.D.*

**OF COUNSEL:**
Smith, Spire, Peddy, Hamilton & Coleman, P.C.
2015 Second Avenue North – Suite 2000
Birmingham, Alabama 35203
Telephone: (20) 251-5885
Email: Joe@ssp-law.com

**CERTIFICATE OF SERVICE**

      On October 26, 2018, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record listed below:

B. Kincey Green Jr.
REEVES & STEWART PC
PO Box 447
Selma, AL 36072-0447
Email: Kincey@bellsouth.net

Arnold W. Umbach, III
Walter William (Billy) Bates
Madeleine Greskovich
STARNES DAVIS FLORIE LLP
100 Brookwood Place #7
Birmingham, Alabama  35209
Email: tumbach@starneslaw.com
       wbates@starneslaw.com
       mgreskovich@starneslaw.com

                        /s/ Barbara J. Wells
                        Of Counsel