IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NORRIS W. GREEN, | ) |
| PLAINTIFF, | ) |
| v. | ) CASE NO. 2:18-cv-719-GMB |
| STATE BOARD OF MEDICAL EXAMINERS, et al., | ) |
| DEFENDANTS. | ) |

## MOTION FOR MORE DEFINITE STATEMENT

Defendants, The Medical Association of Alabama ("Medical Association")[1], Dr. H. Joseph Falgout, Dr. Mark LeQuire, Dr. Gregory Ayers, Dr. Eli Brown, Dr. David Herrick, Dr. Gary Leung, Dr. Charles Rogers, Dr. Beverly Jordan, Dr. John Meigs, Dr. Bradley Rice, Dr. Dick Owens, and Dr. Boyde Jerome Harrison (all in their capacity as members of the Board of Censors of the Medical Association), pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, move for an order requiring Plaintiff to more definitely state his claims.[2] The above Defendants are referred to hereinafter as the "Association Defendants." As grounds for this motion, the Association Defendants state as follows:

---

[1] The First Amended Complaint separately names the Board of Censors of the Medical Association in the case caption. However, the Board of Censors is not a legal entity apart from the Medical Association.
[2] Many of the assertions made by Plaintiff in his First Amended Complaint are false, but before this litigation can proceed further, Plaintiff is required by law to provide more specificity. This motion should not be interpreted as an admission to any of the facts alleged.

{B2980919}

1. The Medical Association is a private professional trade organization for Alabama physicians. The Medical Association was not Plaintiff's employer.

2. Plaintiff's First Amended Complaint is a "shotgun pleading." The Association Defendants adopt and incorporate the arguments made by the other Defendants in their Motion for a More Definite Statement.

3. The Association Defendants are only named in Cause of Action III of Plaintiff's First Amended Complaint, which is for a violation of privacy.

4. The Association Defendants are alleged to have violated Plaintiff's privacy by "discussing and deliberating false statements about the Plaintiff." Yet, nowhere in the First Amended Complaint does Plaintiff allege what statements were made or who made them. Rather than identifying any of the individual members of the Board of Censors by name, Plaintiff merely refers to them as "members." This makes it impossible for the Association Defendants to discern which Board of Censors members did the purported acts in Count III. *See Beck v. Interstate Brands Corp.*, 953 F.2d 1275, 1276 (11th Cir. 1992) (former employee's invasion of privacy claim was not adequately supported by factual allegations when the only fact supporting the claim was the employer "published information regarding the dread nature" of AIDS).

5. It is further alleged that these false statements gave "publicity to matters concerning the Plaintiff." Plaintiff's vague articulation of the publication element

fails to allege, in any detail, how publicity was given, leaving the Association Defendants to speculate as to who Plaintiff claims received the alleged communications. *See Hughes v. Wal-Mart Stores, E. LP.*, No. 2:17-CV-225-WKW-TFM, 2018 WL 3352974, at *4 (M.D. Ala. June 12, 2018) (a claim for invasion of privacy based on publicity must state facts demonstrating that the information was conveyed to more than a small group of persons); *Jackson v. Bank of New York Mellon*, No. CV 16-062-CG-M, 2016 WL 4942085, at *10 (S.D. Ala. July 19, 2016) (holding plaintiffs' false light invasion of privacy claim failed as a matter of law because they did not specify "what statements were made, how often they were made, to whom they were made, or any other details from which it could be inferred" that defendants gave publicity to the statements).

6. The Plaintiff's allegations in Cause of Action III do not even meet the lenient requirements of notice pleading under the Federal Rules of Civil Procedure. Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8 pleading standard does not mandate the plaintiff provide "detailed factual allegations," but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). Plaintiff fails to provide <u>any</u> information as to what statements were made,

who made them, or who received them. As such, the vague and conclusory allegations in Plaintiff's cause of action for invasion of privacy do not provide the Association Defendants with sufficient notice of the allegations against them.

7. Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." The Association Defendants have pointed out the defects in the First Amended Complaint and the details desired, as required by Rule 12(e). Accordingly, Defendants respectfully ask the Court to order Plaintiff to provide a more definite statement of the claims to correct the defects described above.

WHEREFORE, Defendants respectfully requests the Court to order a more definite statement of Plaintiff's claims against the Association Defendants.

Respectfully submitted this 26th day of October, 2018.

                                       *s/Arnold W. Umbach III*
                                       Arnold W. Umbach III (ASB-1932-M66A)
                                       Walter William Bates (ASB-7202-E49W)
                                       Madeleine S. Greskovich (ASB-1703-U11Q)
                                       **STARNES DAVIS FLORIE LLP**
                                       100 Brookwood Place, Seventh Floor
                                       Birmingham, Alabama 35209
                                       Telephone: (205) 868-6000
                                       Facsimile: (205) 868-6099
                                       Email: tumbach@starneslaw.com
                                                    bbates@starneslaw.com
                                                    mgreskovich@starneslaw.com

*Attorneys for Defendants*
*The Medical Association of Alabama,*
*Dr. H. Joseph Falgout, Dr. Mark LeQuire,*
*Dr. Gregory Ayers, Dr. Eli Brown,*
*Dr. David Herrick, Dr. Gary Leung,*
*Dr. Charles Rogers, Dr. Beverly Jordan,*
*Dr. John Meigs, Dr. Bradley Rice,*
*Dr. Dick Owens, Dr. Boyde Jerome Harrison*

s/Brandon K. Essig
Brandon K. Essig (ASB-4186-N51E)
**LIGHTFOOT FRANKLIN & WHITE LLC**
The Clark Building
400 20th Street North
Birmingham, Alabama 35203
Telephone: (205) 581-0738
Facsimile: (205) 581-0799
Email: bessig@lightfootlaw.com

s/R. Mac Freeman, Jr.
R. Mac Freeman, Jr. (ASB-3323-D62F)
**RUSHTON STAKELY**
184 Commerce Street
Montgomery, AL 36104
Telephone: (334) 206-3114
Facsimile: (334) 481-0807
Email: RMF@rushtonstakely.com

*Attorneys for Defendant*
*Dr. Boyde Jerome Harrison*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of October, 2018, I electronically filed the foregoing with the Clerk of Court through CM-ECF, which will send electronic notification of such filing to the following:

B. Kincey Green, Jr.
**Reeves & Stewart, P.C.**
Post Office Box 447
Selma, Alabama 36702-0447
kincey@bellsouth.net

Barbara Jean Wells
C. Richard Hill, Jr.
**Capell & Howard, P.C.**
150 South Perry Street (36104)
P. O. Box 2069
Montgomery, Alabama 36102-2069
Barbara.Wells@chlaw.com
crh@chlaw.com

Brandon Essig
Logan Matthews
**Lightfoot, Franklin & White, L.L.C.**
The Clark Building
400 20th Street North
Birmingham, Alabama 35203-3200
bessig@lightfootlaw.com
lmatthews@lightfootlaw.com

Robert David Segall
**Copeland Franco Screws & Gill P.A.**
444 S. Perry Street
Montgomery, Alabama 36104-4236
segall@copelandfranco.com

Marc James Ayers, Sr.
Davis S. Vaughn
**Bradley Arant Boult Cummings LLP**
One Federal Place
1819 5th Avenue North
Birmingham, Alabama 35203
mayers@bradleyarant.com
dvaughn@bradley.com

Tabor Robert Novak, Jr.
Miland Fredrick Simpler, III
**Ball Ball Matthews & Novak P.A.**
445 Dexter Avenue, Suite 9045
Montgomery, Alabama 36104-3775
tnovak@ball-ball.com
msimpler@ball-ball.com

and I hereby certify that I have emailed and/or mailed by United States Postal Service the document to the following non-CM-ECF participants:

None.

                                        *s/Arnold W. Umbach III*