IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NORRIS W. GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:18-CV-00719-GMB |
| | ) |
| STATE BOARD OF MEDICAL | ) |
| EXAMINERS, et al. | ) |

### THE AGENCY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT

Defendants, the Alabama Board of Medical Examiners, Dr. Joseph Falgout, Dr. Gregory Ayers, Dr. David Herrick, Dr. Dick Owens, Dr. Mark LeQuire, Dr. Eli Brown, Dr. Beverly Jordan, Dr. John Meigs, Dr. Bradley Rice, Dr. Charles Rogers, Dr. Boyde Jerome Harrison, Dr. Gary Leung, Patricia Shaner, and Wilson Hunter ("Agency Defendants") submit this reply to Plaintiff's Response to Defendants' Motions for More Definite Statement (ECF No. 61) and state in further support of their previously-filed Motions (ECF No. 55) as follows:

1.  Plaintiff's Response (ECF No. 61) fails to *substantively* respond to Defendants' arguments in their Motions for More Definite Statement; namely, that Plaintiff's Amended Complaint (ECF No. 48) is a "shotgun pleading" because (1) it fails to tie his causes of action to specific factual allegations; (2) it is replete with unnecessary, vague, and conclusory allegations, untied to any particular causes of action; (3) it does not separate into different counts each of his causes of action or, otherwise, altogether fails to articulate his causes of action; and (4) it fails to tie his causes of action to specific defendants or identify the capacity in which they are being sued.

2.  Instead of explaining why his claims are adequately pled under Rules 8(a) or 10(b)(2) of the Federal Rules of Civil Procedure, Plaintiff asks this Court to unlock the doors to

discovery so that he can find evidence to support his suspicions. Taking a "you'll see" approach, Plaintiff cautions—again, without evidentiary support and, now, beyond the scope of the pleadings—that "the evidence of everything supplied to the Board of Censors . . . [and] the State Board of Medical Examiners . . . and the sources thereof . . . will be supplied with the taking of one single deposition . . . as soon as the Court allows discovery to proceed." (ECF No. 61 at 2). But that is not how the civil litigation process is designed to proceed.

3. Unless Plaintiff can provide the Agency Defendants "adequate notice of the claims against them and the grounds upon which each claim rests," this Court should not allow Plaintiff to proceed to discovery on his claims—whatever they may be and whoever they may be against. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015); *see also Byrne v. Nezhat* 261 F.3d 1075, 1129–30 (11th Cir. 2001) (Tjoflat, J.) ("Unless the court requires a repleader—under Rule 12(e) or on its own initiative—a shotgun complaint leads to a shotgun answer. . . . Such disjointed pleadings make it difficult, if not impossible, to set the boundaries for discovery. Hence, discovery disputes are inevitable.") *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008).

4. Additionally, despite his effort for over *seven pages* of his Response to distinguish the cited cases in Defendants' briefs, *see* Plaintiff's Response (ECF No. 61 at 6–13), Plaintiff fails to acknowledge their central holdings: a motion for more definite statement is the appropriate method for challenging the sufficiency of a complaint where the factual allegations do not give fair notice to defendants of the claims against them or the factual allegations underlying those claims. *See, e.g.*, *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126–27 (11th Cir. 2014) ("A defendant served with a shotgun complaint should move the district court . . . for a more definite

2

statement pursuant to Rule 12(e) on the ground that the complaint provides it with insufficient notice to enable it to file an answer.").

## CONCLUSION

For all of these reasons and for those stated in the Agency Defendants' previously-filed motion, *see* (ECF No. 55), this Court should grant the Agency Defendants' Motion for More Definite Statement and require Plaintiff to file an amended complaint compliant with Rules 8(a) and 10(b)(2) of the Federal Rules of Civil Procedure.

Consistent with the Middle District of Alabama's Administrative Procedure for Filing, Signing, and Verifying Pleadings and Documents in the District Court under the CM/ECF System, the filing attorney certifies that all signatories to this document agree to its filing.

Respectfully submitted this 16th day of November, 2018.

/s/ Barbara J. Wells
**BARBARA J. WELLS (GIL037)**
**C. RICHARD HILL, JR. (HIL045)**
**BLAKE BROOKSHIRE (BRO313)**

OF COUNSEL:
**CAPELL & HOWARD, P.C.**
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, AL 36102-2069
Telephone: (334) 241-8000
Facsimile: (334) 323-8888
Email: Barbara.Wells@chlaw.com
Email: Rick.Hill@chlaw.com
Email: Blake.Brookshire@chlaw.com

/s/ Tabor R. Novak, Jr.
**TABOR R. NOVAK, JR. (NOV001)**
**MILAND F. SIMPLER, III (SIM103)**
*Attorneys for State Board of Medical Examiners, Drs. LeQuire, Brown, Jordan, Meigs, Rice, Rogers, Falgout, Ayers, Herrick, Leung, and Owens*

OF COUNSEL:
**BALL BALL MATTHEWS & NOVAK, PA**
445 Dexter Avenue Suite 9045
Montgomery, Alabama 36104
Telephone:  (334) 387-7680
Facsimile:   (334) 387-3222
Email: tnovak@ball-ball.com
Email: msimpler@ball-ball.com

/s/ Marc James Ayers
**MARC JAMES AYERS (AYE006)**
**DAVIS S. VAUGHN (VAU020)**
*Attorneys for Wilson Hunter*

OF COUNSEL:
**BRADLEY ARANT BOULT CUMMINGS LLP**
One Federal Place
1819 5th Avenue North
Birmingham, Alabama  35203
Telephone:  (205) 521-8598
Facsimile:   (205) 488-6598
Email:  mayers@bradley.com
Email:  dvaughn@bradley.com

/s/ Brandon K. Essig
**BRANDON K. ESSIG (ESS001)**
**LOGAN T. MATTHEWS (MAT068)**
*Attorneys for Defendant*
*Boyde Jerome Harrison, M.D.*

OF COUNSEL:
**LIGHTFOOT FRANKLIN & WHITE LLC**
The Clark Building
400 20th Street North
Birmingham, Alabama 35203
Telephone: (205) 581-0738
Facsimile: (205) 581-0799
Email: bessig@lightfootlaw.com
Email: lmatthews@lightfootlaw.com

/s/ R. Mac Freeman, Jr.
**R. MAC FREEMAN, JR. (FRE046)**
*Attorney for Defendant*
*Boyde Jerome Harrison, M.D.*

OF COUNSEL:
**RUSHTON STAKELY**

4

184 Commerce Street
Montgomery, AL 36104
Telephone: (334) 206-3114
Facsimile: (334) 481-0807
Email: RMF@rushtonstakely.com

                                                   */s/ Robert D. Segall*
                                                   **ROBERT D. SEGALL (SEG003)**
                                                   *Attorney for Defendant*
                                                   *Patricia Shaner*

**OF COUNSEL:**
COPELAND FRANCO SCREWS & GILL
P.O. Box 347
Montgomery, Alabama  36101-0347
Telephone: (334) 834-1180
Facsimile: (334) 834-3172
Email: segall@copelandfranco.com

                                                   */s/ Joe Peddy*
                                                   **JOE PEDDY (PED002)**
                                                   *Attorney for Defendant*
                                                   *Gary Leung, M.D.*

**OF COUNSEL:**
SMITH, SPIRE, PEDDY, HAMILTON & COLEMAN, P.C.
2015 Second Avenue North – Suite 2000
Birmingham, Alabama 35203
Telephone: (20) 251-5885
Email: Joe@ssp-law.com

## CERTIFICATE OF SERVICE

      On November 16, 2018, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record listed below:

B. Kincey Green Jr.
REEVES & STEWART PC
PO Box 447
Selma, AL 36072-0447
Email: Kincey@bellsouth.net

Arnold W. Umbach, III
Walter William (Billy) Bates
Madeleine Greskovich
STARNES DAVIS FLORIE LLP

100 Brookwood Place #7
Birmingham, Alabama  35209
Email: tumbach@starneslaw.com
      wbates@starneslaw.com
      mgreskovich@starneslaw.com

                /s/ Barbara J. Wells
                Of Counsel