IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NORRIS W. GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | 2:18-cv-719-SMD |
| STATE BOARD OF MEDICAL | ) | |
| EXAMINERS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is a Motion for More Definite Statement (Doc. 55) filed by certain individual Defendants, who are collectively referred to as the Agency Defendants,[1] and the Alabama Board of Medical Examiners ("ABME"). Also pending before the Court is a Motion for More Definite Statement (Doc. 56) filed by The Medical Association of Alabama ("Medical Association") and the members of the Board of Censors of the Medical Association in their individual capacities.[2] In the motions, Defendants argue that Plaintiff's Complaint is a shotgun pleading, and, therefore, fails to satisfy the pleading standards set forth in the Federal Rules of Civil Procedure. *See generally* (Docs. 55, 56). Accordingly, Defendants request, pursuant to Rule 12(e), that Plaintiff be ordered to file

---

[1] The Agency Defendants include: Dr. Joseph Falgout, Dr. Gregory Ayers, Dr. David Herrick, Dr. Dick Owens, Dr. Mark LeQuire, Dr. Eli Brown, Dr. Beverly Jordan, Dr. John Meigs, Dr. Bradley Rice, Dr. Charles Rogers, Dr. Boyde Jerome Harrison, Dr. Gary Leung, Patricia Shaner, and Wilson Hunter.

[2] These members include: Dr. Joseph Falgout, Dr. Mark LeQuire, Dr. Gregory Ayers, Dr. Eli Brown, Dr. David Herrick, Dr. Gary Leung, Dr. Charles Rogers, Dr. Beverly Jordan, Dr. John Meigs, Dr. Bradley Rice, Dr. Dick Owens, and Dr. Boyde Harrison.

an amended complaint that complies with the federal pleading standard. (Doc. 55) at 6-8; (Doc. 56) at 4.

Federal Rule of Civil Procedure 12(e) states that "[a] party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." This Court and the Eleventh Circuit have repeatedly afforded defendants relief under this rule when a complaint violates: (1) Rule 8(a)(2), which requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief"; (2) Rule 10(b), which requires that a complaint provide "claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances"; or (3) both. Complaints that violate these rules are often disparagingly referred to as "shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

The Eleventh Circuit has described the problem with shotgun pleadings as follows:

> The purpose of [the Federal Rules of Civil Procedure] is self-evident, to require the pleader to present his claims discretely and succinctly, so that[ ] his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not. "Shotgun" pleadings, calculated to confuse the "enemy," and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked, are flatly forbidden by the [spirit], if not the [letter], of these rules.

*T.D.S. Inc. v. Shelby Mut. Ins. Co.,* 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting). In condemning shotgun pleadings, this Circuit has recognized at least four categories of deficient complaints. *Weiland*, 792 F.3d at 1321-23. The first and most

common type of shotgun complaint "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id*. at 1323. The second and next most common type "is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id*. The third type "is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id*. Finally, the fourth type encompasses "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id*. However, no matter which category the complaint falls within, "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*.

Plaintiff's First Amended Complaint ("FAC") is a classic shotgun pleading. The fifty-four page FAC contains a "Statement of the Case," *id*. at 2; a section arguing that sovereign and qualified immunity should not apply to Defendants, *id*. at 3-5; a section describing the parties (which is also peppered with purported facts and allegations of wrongdoing), *id*. at 5-10; forty-seven numbered paragraphs of "Factual Allegations," *id*. at 10-37; and five stated causes of action, *id*. at 37-54. The sheer length of Plaintiff's FAC runs afoul of Rule 8(a)'s short and plain pleading standard and the undersigned finds that

it fails to give Defendants adequate notice of the claims against them and the grounds upon which those claims rest. Accordingly, the undersigned finds that Plaintiff's FAC must be amended.

For several reasons, the undersigned finds that Plaintiff's FAC falls within the definition of a shotgun pleading as set forth by the Eleventh Circuit. First, in the "Factual Allegations" section, Plaintiff's FAC states that "[a]ll of the foregoing statements are incorporated by reference in each of the causes of action set forth below." *Id*. at 37. In and of itself, this incorporation-by-reference statement suggests that Plaintiff's FAC falls within the first category of shotgun complaints, as "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."[3] *Weiland*, 792 F.3d at 1323. Here, the problem is compounded because of the length of the FAC as well as the nature of the facts, which appear to be interwoven and related. Therefore, discerning which facts belong with which claim and with which Defendant becomes difficult, if not impossible, in some instances.

Second, much of the narrative contained within the FAC's causes of action is conclusory and argumentative, and a significant portion of the alleged facts seem irrelevant

---

[3] The undersigned notes that Plaintiff's FAC attempts to incorporate the "Factual Allegations" section into each *subsequent* cause of action. In the undersigned's experience, a shotgun pleading typically contains a statement within a cause of action that attempts to incorporate all *previously* stated facts and claims. However, while Plaintiff's incorporation-by-reference statement is atypical in that it attempts to insert the "Factual Allegations" into a latter part of the FAC—namely the causes of action—it is, in essence, no different than the typical shotgun complaint because it does not clearly separate which facts apply to each cause of action.

to the elements of the claim asserted. For example, in the claim for breach of implied contract, the FAC states:

> 4. Between July 2015 and the end of December 2016, the Plaintiff, as Associate Executive Director, while working with the former Executive Director and with the Office Manager of the State Board of Medical Examiners[,] began to identify expenditures by the State Board of Medical Examiners that were not in compliance with statutory, regulatory, and ethical authority. By the time the Plaintiff was elected Executive Director in January 2017, the Plaintiff was well on his way toward implementing some of the necessary changes required by various statutory and regulatory authorities governing the work of the State Board of Medical Examiners. Unknown to the Plaintiff, Defendant Harrison, in concert with Alabama Medical Association lobbyist, Whitaker, who both opposed certain changes in expenditures by the State Board of Medical Examiners, and eventually in concert with Alabama Board of Medical Examiner[s]' staff attorneys, Defendant Shaner and Defendant Hunter, all became actively engaged in what culminated in a malicious and fabricated ploy to present to the State Board of Medical Examiners enough fabricated evidence to have the Plaintiff dismissed with the help of a majority of complicit Board members, and did thereby constructively remove the Plaintiff from his new positions as Executive Director on September 20, 2017, twenty-one months before his four year contract was completed.

(Doc. 48) at 39. The first two sentences within this paragraph appear to be factual allegations that are wholly unrelated to the elements of a claim for breach of implied contract. Further, the remainder of the paragraph contains phrases, such as "a malicious and fabricated ploy," and "with the help of a majority of complicit Board members," that fail to put Defendants on fair notice of the claims asserted against them.[4] The FAC's "Factual Allegations" section fares no better, as similar language is used throughout, and

---

[4] For example, without providing context within the breach of implied contract claim, the undersigned—and likely Defendants—are left to speculate as to what the "malicious and fabricated ploy" involves and which facts support that conclusion. Similarly, the undersigned is left to speculate as to who are the complicit Board members? And, what were they complicit in?

5

many of the facts contained within the section, as stated, appear to be irrelevant to Plaintiff's claims. These flaws are reflective of the second category of shotgun complaints, which encompass complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id*. Therefore, as currently drafted, Plaintiff's FAC makes it difficult—and in some cases impossible—to discern whether a fact is relevant to a claim and whether Plaintiff's conclusions are supported by factual allegations.

    Finally, the undersigned notes that Plaintiff's FAC asserts claims against multiple Defendants, some of which are asserted against individual Defendants in both their individual and official capacities. While Plaintiff's FAC clearly alleges five causes of action, it is less clear to the undersigned whom Plaintiff is asserting each of those claims against. For example, in Plaintiff's claim for breach of implied contract, Plaintiff references several of the named Defendants, including Defendant Shaner, Defendant Hunter, Defendant Harrison, and Defendant ABME. Plaintiff's concluding paragraph within the breach of implied contract cause of action states: "The Plaintiff therefore moves this Court to find that Plaintiff had a four[-]year contract with the Alabama Board of Medical Examiner[s] that runs from July 1, 2015 until July 1, 2019, and due to the acts of the named Defendant Board members [ ], individually and collectively, the contract was breached without just cause, and the Plaintiff was dismissed without sufficient cause[.]" (Doc. 48) at 40. This statement causes the undersigned to speculate: Is Plaintiff attempting to assert a breach of implied contract claim against the individual Defendant Board members along with Defendant ABME? Or, is Plaintiff attempting to assert a breach of implied contract

6

claim against Defendant ABME alone, with his reference to the Defendant Board members merely supporting language for how the contract was breached? Without Plaintiff clearly and concisely stating which claim is asserted against which Defendant, and which facts are relevant to that claim, the answer is left to interpretation and guesswork.

Accordingly, for these reasons, it is

ORDERED that Defendants' Motions for More Definite Statement (Docs. 55, 56) are GRANTED. Plaintiff shall file a Second Amended Complaint **on or before April 24, 2019,** that complies with the pleading requirements of the Federal Rules of Civil Procedure, including:

a. The Second Amended Complaint must set forth—with clarity—short and plain statements showing that Plaintiff is entitled to relief.

b. The Second Amended Complaint must set forth, in separately numbered paragraphs, allegations of fact that are simple, concise, direct, sufficiently detailed, and *material* to Plaintiff's claims. Plaintiff must allege facts showing each Defendant's involvement in each claim and how each Defendant violated Plaintiff's rights. Legal arguments shall not be included in the factual allegations.

c. Plaintiff may not simply incorporate all factual allegations by reference into every count; rather, Plaintiff must indicate with clarity which specific factual allegations are material to each specific count.

d. Counts that pertain to fewer than all Defendants in all capacities shall not be asserted against "Defendants" as an entire group. The Second Amended

Complaint should make clear which Defendants *are and are not* subject to each count.

e. The Second Amended Complaint must state which counts and demands for relief (including demands for injunctive, declaratory, and monetary relief) are asserted against which Defendant(s) and *in what capacity* (official capacity, individual capacity, or both). Plaintiff shall have a colorable legal basis for asserting each count or demand for relief against each particular Defendant in each specified capacity. Fed. R. Civ. P. 11(b)(2).

Done this 5th day of April, 2019.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE