IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NORRIS W. GREEN, | ) |
| | ) |
| PLAINGIFF, | ) |
| | ) |
| v. | ) CASE NO. 2:18-cv-719-SMD |
| | ) |
| STATE BOARD OF MEDICAL | ) |
| EXAMINERS, et al., | ) |
| | ) |
| DEFENDANTS. | ) |

## ASSOCIATION DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants, The Medical Association of Alabama ("Medical Association"), Dr. H. Joseph Falgout, Dr. Mark LeQuire, Dr. Gregory Ayers, Dr. Eli Brown, Dr. David Herrick, Dr. Gary Leung, Dr. Charles Rogers, Dr. Beverly Jordan, Dr. John Meigs, Dr. Bradley Rice, Dr. Dick Owens, and Dr. Boyde Jerome Harrison (all in their capacity as members of the Board of Censors of the Medical Association and referred to hereinafter as "Association Defendants"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move this Court to dismiss the claim against Association Defendants in Plaintiff's Second Amended Complaint, which is Cause of Action Three for Violation of Privacy, for failure to state a claim upon which relief can be granted. In support of this motion, Association Defendants state as follows:

## INTRODUCTION

On August 8, 2018, Plaintiff filed a five-count complaint against The Medical Association of Alabama, its Board of Censors, and other defendants. (Doc. 1). Plaintiff subsequently filed the First Amended Complaint on September 7, 2018. (Doc. 48). In response, Defendants filed Motions for a More Definite Statement (Docs. 55, 56), which the Court granted. (Doc. 73). Plaintiff filed a Second Amended Complaint on April 22, 2019. (Doc. 74). The Second Amended Complaint alleges a claim for invasion of privacy against Association Defendants. (Doc. 74 at pgs. 23-25). As detailed below, Plaintiff's claim is due to be dismissed. Even assuming everything alleged by Plaintiff is true,[1] Plaintiff's allegations against Association Defendants fail to state a claim upon which relief can be granted.

## ARGUMENT

It is generally accepted in Alabama and elsewhere that actions for invasion of privacy consist of four distinct types of wrongs: "(1) intruding into the plaintiff's physical solitude or seclusion; (2) giving publicity to private information about the plaintiff that violates ordinary decency; (3) putting the plaintiff in a false, but not necessarily defamatory, position in the public eye; or (4) appropriating some element of the plaintiff's personality for a commercial use." *Butler v. Town of Argo*, 871 So.

---

[1] Association Defendants dispute most of Plaintiff's factual allegations and deny that he is entitled to any relief. However, for the purposes of this Motion to Dismiss, Defendants acknowledge that the Court must assume that Plaintiff will be able to prove the allegations in his Second Amended Complaint.

{B3155153}　　　　　　　　　　　　　　　2

2d 1, 12 (Ala. 2003) (citing *Norris v. Moskin Stores, Inc.*, 272 Ala. 174, 132 So.2d 321 (1961)). Plaintiff's invasion of privacy claim appears to be of the false light variety.[2] The Alabama Supreme Court has adopted the definition of the false light invasion of privacy tort set forth in § 652E of the Restatement (Second) of Torts. *Schifano v. Greene County Greyhound Park, Inc.*, 624 So. 2d 178, 180 (Ala. 1993). Section 652E states:

> One who gives publicity to a matter concerning another that places the other before the public in false light is subject to liability to the other for invasion of his privacy if: (a) the false light in which the other was placed would be highly offensive to a reasonable person; and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

Restatement (Second) of Torts, § 652E.

### I. Plaintiff has failed to state a claim for false light invasion of privacy against Association Defendants as to the element of publicity.

As discussed by the Alabama Supreme Court in *Ex parte Birmingham News, Inc.*, 778 So. 2d 814, 818 (Ala. 2000), the "first – and key – element in proving this invasion of privacy tort is 'publicity.'" (citing *Johnston v. Fuller*, 706 So. 2d 700, 703 (Ala. 1997). *See also* Restatement (Second) of Torts, § 652E cmt. a (false light is "limited to the situation in which the plaintiff is given publicity"). Restatement (Second) of Torts § 652D, Comment (a) defines publicity as making a matter "public

---

[2] Even if Plaintiff were alleging the second form of invasion of privacy – giving publicity to private information that violates ordinary decency – Defendants' arguments remain the same. Plaintiff's allegations cannot support a claim for either form of invasion of privacy because both forms require publicity.

{B3155153} 3

by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." Thus, if an actor has given publicity to a matter, then the communication "reaches, or is sure to reach, the public." *Id. See also Vinson v. Koch Foods of Alabama, LLC*, No. 2:12-CV-1088-MEF, 2013 WL 5441969, at *8 (M.D. Ala. Sept. 27, 2013) (dismissing plaintiff's false light claim in part due to her failure to allege that "false representations were publicized to a large number of people").

Comment (a) to § 652D further states:

> Thus it is not an invasion of the right of privacy, within the rule stated in this Section, to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons. On the other hand, any publication in a newspaper or a magazine, even of small circulation, or in a handbill distributed to a large number of persons, or any broadcast over the radio, or statement made in an address to a large audience, is sufficient to give publicity within the meaning of the term as it is used in this Section.

Restatement (Second) of Torts, § 652D cmt. a. *See also Swanson v. Civil Air Patrol*, 37 F. Supp. 2d 1312, 1332 (M.D. Ala. 1998) (Comment (a) to § 652D applies to a § 652E "false light" claim).

In *Cartwright v. Tacala, Inc.*, No. CIV A 99-W-663-N, 2000 WL 33287445, at *13-14 (M.D. Ala. Nov. 1, 2000), the U.S. District Court for the Middle District of Alabama applied Comment (a) to § 652D to a false light invasion of privacy claim. The plaintiff, an employee at a restaurant, brought a false light claim against the defendant, her manager. The plaintiff alleged that in three staff meetings with other

employees (about 18 people), the defendant suggested the plaintiff was having a romantic relationship with a co-worker. *Id.* at 14. In dismissing the plaintiff's claim, the Court stated as follows:

> The court concludes that these communications are of a distinctly different nature from the types of "public" communications referred to in the Restatement comment, and that they were not sufficiently public to give rise to a "false light" cause of action. *See Hoover v. Tuttle*, 611 So.2d 290, 292 (Ala.1992)(no actionable "false light" claim where false statements were made in an executive committee meeting); *see also Johnston v. Fuller*, 706 So.2d 700, 703 (Ala.1997)(in finding insufficient publicity to support an invasion of privacy claim, stating, "[Defendant] did not broadcast over the radio the information obtained about [plaintiff], he did not print it in a newspaper, and he did not tell it to a large number of people."). Accordingly, defendant is entitled to summary judgment on plaintiff's "false light" invasion of privacy claim.

*Id.*

Similarly, in *Hoover v. Tuttle*, 611 So. 2d 290 (Ala. 1992), the Alabama Supreme Court addressed the difference between "giving publicity" and "publication" in the context of invasion of privacy claims. The plaintiff applied for a job with a veterans' organization, but his application was rejected after being reviewed by the organization's executive committee. *Id.* The plaintiff brought an invasion of privacy claim based on alleged comments relating to his military service that were made by members of the committee in rejecting his application. *Id.* The Court held there was insufficient publicity to support the plaintiff's claim for invasion of privacy. *Id.* at 292. In dismissing the claim, the Court reasoned:

> [Plaintiff] submitted a job application and a résumé to the [organization's] executive committee. The comments of Tuttle, Mullens, and Wright, if made at all, were made in a private meeting of the [organization's] executive committee. There was no evidence that the actions of Tuttle, Mullens, and Wright constituted an intrusion into [plaintiff's] private concerns, either by physical intrusion or through some other form of investigation or examination. *See* Phillips, at 710–11. Likewise, there was no evidence that the comments allegedly made by Tuttle, Mullens, and Wright were made outside of the meeting of the executive committee; therefore, [plaintiff] could not have been subjected to publicity that would violate ordinary decencies or that would create a false image of [plaintiff] in the public's eye.

*Id.*

Plaintiff's false light invasion of privacy claim is premised on Association Defendants "discussing and deliberating false statements about the Plaintiff during a monthly meeting of the Medical Association of Alabama Board of Censors." Plaintiff further alleges that in addition to the Board of Censors members, "at least one other private individual" was in attendance at the meeting. Significantly, Plaintiff's Second Amended Complaint characterizes this meeting as "private," "non-public," and "off-the-record."

Assuming the Plaintiff's allegations to be true, the false representations were communicated during a private meeting of 12 people, all of whom had a common business interest relating to the Plaintiff. As such, Plaintiff's allegations cannot support a claim for false light invasion of privacy. Under Alabama law, Plaintiff must plead facts to show that the alleged communications were given publicity. In

the instant case, the publicity element is not satisfied by communication of alleged false statements to 12 people in a private meeting.

## II. Plaintiff fails to allege any individual Association Defendant made a false statement that violated his privacy.

In addition to the absence of any factual allegations that the communications were given publicity, Plaintiff's Second Amended Complaint also fails to specify which, if any, of the Board Members made false statements violating his privacy.

### A. Dr. Falgout is entitled to be dismissed in his capacity as a member of the Board of Censors.

Dr. Joseph Falgout is not alleged by Plaintiff to have said anything during the meeting. Rather, Plaintiff's invasion of privacy claim against Dr. Falgout is based on his mere presence at the meeting. That is not sufficient to keep him in this case as a member of the Board of Censors.

### B. Dr. LeQuire is entitled to be dismissed in his capacity as a member of the Board of Censors.

Dr. Mark LeQuire is not alleged by Plaintiff to have said anything during the meeting. Rather, Plaintiff's invasion of privacy claim against Dr. LeQuire is based on his mere presence at the meeting. That is not sufficient to keep him in this case as a member of the Board of Censors.

### C. Dr. Ayers is entitled to be dismissed in his capacity as a member of the Board of Censors.

Dr. Gregory Ayers is not alleged by Plaintiff to have said anything during the meeting. Rather, Plaintiff's invasion of privacy claim against

Dr. Ayers is based on his mere presence at the meeting. That is not sufficient to keep him in this case as a member of the Board of Censors.

**D.     Dr. Brown is entitled to be dismissed in his capacity as a member of the Board of Censors.**  Dr. Eli Brown is not alleged by Plaintiff to have said anything during the meeting. Rather, Plaintiff's invasion of privacy claim against Dr. Brown is based on his mere presence at the meeting. That is not sufficient to keep him in this case as a member of the Board of Censors.

**E.     Dr. Herrick is entitled to be dismissed in his capacity as a member of the Board of Censors.**  Dr. David Herrick is not alleged by Plaintiff to have said anything during the meeting. Rather, Plaintiff's invasion of privacy claim against Dr. Herrick is based on his mere presence at the meeting. That is not sufficient to keep him in this case as a member of the Board of Censors.

**F.     Dr. Jordan is entitled to be dismissed in his capacity as a member of the Board of Censors.**  Dr. Beverly Jordan is not alleged by Plaintiff to have said anything during the meeting. Rather, Plaintiff's invasion of privacy claim against Dr. Jordan is based on her mere presence at the meeting. That is not sufficient to keep him in this case as a member of the Board of Censors.

**G.     Dr. Leung is entitled to be dismissed in his capacity as a member of the Board of Censors.**  Dr. Gary Leung is not alleged by Plaintiff to have said anything during the meeting. Rather, Plaintiff's invasion of privacy claim against Dr. Leung

is based on his mere presence at the meeting. That is not sufficient to keep him in this case as a member of the Board of Censors.

**H.     Dr. Meigs is entitled to be dismissed in his capacity as a member of the Board of Censors.** Dr. John Meigs is not alleged by Plaintiff to have said anything during the meeting. Rather, Plaintiff's invasion of privacy claim against Dr. Meigs is based on his mere presence at the meeting. That is not sufficient to keep him in this case as a member of the Board of Censors.

**I.     Dr. Owens is entitled to be dismissed in his capacity as a member of the Board of Censors.** Dr. Dick Owens is not alleged by Plaintiff to have said anything during the meeting. Rather, Plaintiff's invasion of privacy claim against Dr. Owens is based on his mere presence at the meeting. That is not sufficient to keep him in this case as a member of the Board of Censors.

**J.     Dr. Rice is entitled to be dismissed in his capacity as a member of the Board of Censors.** Dr. Bradley Rice is not alleged by Plaintiff to have said anything during the meeting. Rather, Plaintiff's invasion of privacy claim against Dr. Rice is based on his mere presence at the meeting. That is not sufficient to keep him in this case as a member of the Board of Censors.

**K.     Dr. Rogers is entitled to be dismissed in his capacity as a member of the Board of Censors.** Dr. Charles Rogers is not alleged by Plaintiff to have said anything during the meeting. Rather, Plaintiff's invasion of privacy claim against

Dr. Rogers is based on his mere presence at the meeting. That is not sufficient to keep him in this case as a member of the Board of Censors.

**L. Dr. Harrison is entitled to be dismissed in his capacity as a member of the Board of Censors.** Dr. Boyde Harrison is alleged by Plaintiff to have "made certain the false and defamatory information was available for discussion at the meeting." Even so, Plaintiff does not allege that Dr. Harrison said anything during the meeting. As such, Plaintiff's invasion of privacy claim against Dr. Harrison is also based on his mere presence at the meeting. That is not sufficient to keep him in this case as a member of the Board of Censors.

Plaintiff fails to allege that any of the individual Association Defendants said anything during the meeting. Plaintiff should not be heard to say that discovery will show who said what in the meeting. Plaintiff's inability to specify what was said and by whom clearly demonstrates that whatever was said during the meeting was not made public. If false statements were publicized as required to constitute an illegal invasion of privacy, Plaintiff would have no trouble alleging who, by name, invaded his privacy. His inability to do so is telling and fatal. As such, Plaintiff's claim for invasion of privacy against Association Defendants fails under Alabama law.

## CONCLUSION

Plaintiff has failed to state a claim for invasion of privacy against Association Defendants. Therefore, Cause of Action Three of the Plaintiff's Second Amended Complaint should be dismissed.

WHEREFORE, Defendants respectfully request the Court to dismiss Plaintiff's claim for invasion of privacy against Association Defendants. That being the only claim against Association Defendants, the Court should order that the Medical Association and all individuals sued in their capacity as members of the Board of Censors be dismissed with prejudice.

Respectfully submitted this 13th day of May, 2019.

>  *s/Arnold W. Umbach III*
>  Arnold W. Umbach III (ASB-1932-M66A)
>  Walter William Bates (ASB-7202-E49W)
>  Madeleine S. Greskovich (ASB-1703-U11Q)
>  **STARNES DAVIS FLORIE LLP**
>  100 Brookwood Place, Seventh Floor
>  Birmingham, Alabama 35209
>  Telephone: (205) 868-6000
>  Facsimile: (205) 868-6099
>  Email: tumbach@starneslaw.com
>  bbates@starneslaw.com
>  mgreskovich@starneslaw.com
>  *Attorneys for Defendants*
>  *The Medical Association of Alabama,*
>  *Dr. H. Joseph Falgout, Dr. Mark LeQuire,*
>  *Dr. Gregory Ayers, Dr. Eli Brown,*
>  *Dr. David Herrick, Dr. Gary Leung,*
>  *Dr. Charles Rogers, Dr. Beverly Jordan,*
>  *Dr. John Meigs, Dr. Bradley Rice,*
>  *Dr. Dick Owens, Dr. Boyde Jerome Harrison*


*s/Brandon K. Essig*
Brandon K. Essig (ASB-4186-N51E)
**LIGHTFOOT FRANKLIN & WHITE LLC**
The Clark Building
400 20th Street North
Birmingham, Alabama 35203
Telephone: (205) 581-0738
Facsimile: (205) 581-0799
Email: bessig@lightfootlaw.com

*s/R. Mac Freeman, Jr.*
R. Mac Freeman, Jr. (ASB-3323-D62F)
**RUSHTON STAKELY**
184 Commerce Street
Montgomery, AL 36104
Telephone: (334) 206-3114
Facsimile: (334) 481-0807
Email: RMF@rushtonstakely.com

*Attorneys for Defendant*
*Dr. Boyde Jerome Harrison*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of May, 2019, I electronically filed the foregoing with the Clerk of Court through CM-ECF, which will send electronic notification of such filing to the following:

B. Kincey Green, Jr.
**Reeves & Stewart, P.C.**
Post Office Box 447
Selma, Alabama 36702-0447
kincey@bellsouth.net

Barbara Jean Wells
C. Richard Hill, Jr.
**Capell & Howard, P.C.**
150 South Perry Street (36104)
P. O. Box 2069
Montgomery, Alabama 36102-2069
Barbara.Wells@chlaw.com
crh@chlaw.com

Brandon Essig
Logan Matthews
**Lightfoot, Franklin & White, L.L.C.**
The Clark Building
400 20th Street North
Birmingham, Alabama 35203-3200
bessig@lightfootlaw.com
lmatthews@lightfootlaw.com

Robert David Segall
**Copeland Franco Screws & Gill P.A.**
444 S. Perry Street
Montgomery, Alabama 36104-4236
segall@copelandfranco.com

Marc James Ayers, Sr.
Davis S. Vaughn
**Bradley Arant Boult Cummings LLP**
One Federal Place
1819 5th Avenue North
Birmingham, Alabama 35203
mayers@bradleyarant.com
dvaughn@bradley.com

Tabor Robert Novak, Jr.
Miland Fredrick Simpler, III
**Ball Ball Matthews & Novak P.A.**
445 Dexter Avenue, Suite 9045
Montgomery, Alabama 36104-3775
tnovak@ball-ball.com
msimpler@ball-ball.com

and I hereby certify that I have emailed and/or mailed by United States Postal Service the document to the following non-CM-ECF participants:

None.

*s/Arnold W. Umbach III*