## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

NORRIS W. GREEN,       )
                           )
      PLAINTIFF,     )
                           )
v.                        )     CASE NO. 2:18-cv-719-SMD
                           )
STATE BOARD OF MEDICAL  )
EXAMINERS, et al.         )
                           )
      DEFENDANTS.    )

## DEFENDANTS PATRICIA SHANER AND WILSON HUNTER'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants **Patricia Shaner** and **Wilson Hunter** (collectively, "Counsel Defendants") respectfully move this Court to dismiss Plaintiff's claims against them for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  As grounds for said motion, Counsel Defendants state the following:

## INTRODUCTION

On August 8, 2018, Plaintiff Norris W. Green filed a wrongful termination lawsuit against his former employer, the Alabama Board of Medical Examiners ("ABME"), its board members, its general counsel (Defendants Shaner and Hunter), and other defendants.  (*See* Doc. 1).  On September 7, 2018, Plaintiff subsequently filed his First Amended Complaint ("FAC").  (*See* Doc. 48).  The FAC sought relief

for five separate causes of action across fifty-four pages, including forty-nine numbered paragraphs of factual allegations.  In response, Defendants filed Motions for More Definite Statement (Docs. 55, 56), which the Court granted (Doc. 73).  In granting these motions, the Court found that Plaintiff's FAC was a "classic shotgun pleading" and ordered Plaintiff to file an amended complaint that complied with the Federal Rules of Civil Procedure and the Court's guidelines.  (*See* Doc. 73 at pgs. 3, 7-8).

Specifically, the Court instructed that Plaintiff's amended complaint "must set forth—with clarity—short and plain statements showing that Plaintiff is entitled to relief" and "must allege facts showing each Defendant's involvement in each claim and how each Defendant violated Plaintiff's rights." (*Id.* at pg. 7).  While Plaintiff attempted to shorten his complaint, Plaintiff's Second Amended Complaint ("SAC") still contains the exact flaws previously admonished by this Court.  (*See* Doc. 73 at pgs. 7-8).   For example, Plaintiff's SAC features legal arguments included in the factual allegations, does not in any way adhere to Rule 8(a)(2)'s "short and plain statement" requirement, and fails to make clear which Defendants are or are not subjected to each count. (*See* Doc. 74).

But, in an effort to efficiently resolve this matter, Counsel Defendants have attempted to decipher Plaintiff's flawed SAC to determine *what exact* wrongs Plaintiff alleges that Counsel Defendants committed.  As pleaded, Plaintiff brings

2

just two of the five causes of action against Counsel Defendants: Count II, "Tortuous [sic] Interference with Employment Relationship" and Count III, "Violation of Privacy." (*See* Doc. 74 at pgs. 11, 23). As detailed below, Plaintiff's SAC fails to state a claim against Counsel Defendants upon which this Court may grant relief. Therefore, the Court should grant Counsel Defendants' Motion to Dismiss.

## ARGUMENT

### I.    Plaintiff's due process claim is not asserted against Counsel Defendants, and is in any event without merit.

Only one count in Plaintiff's SAC, Cause of Action IV, undertakes to allege a claim under federal law. (*See* Doc. 74 at pg. 25). Plaintiff asserts a claim for "Violation of Procedural Due Process" based on the allegation that he was not afforded proper notice or a hearing to challenge his termination. (*Id*. at 25-31). Notably, however, Plaintiff does not seek judgment against Counsel Defendants, resulting in Plaintiff failing to allege any federal claims against Counsel Defendants.

Nevertheless, Counsel Defendants assert that Count IV fails to state a claim upon which relief can be granted in that, among other reasons, Plaintiff had no property or liberty interest under Alabama state law in his at-will employment with the ABME such as would entitle him to the procedural due process he claims he was denied. Counsel Defendants hereby adopt by reference, and incorporate herein, all arguments asserted by the ABME in support of its motion to dismiss based on Plaintiff's failure to properly allege a due process claim.

## II.     Counsel Defendants are immune from the claims brought by Plaintiff.

Counsel Defendants assert that Eleventh Amendment immunity bars Plaintiff's claims for damages against Counsel Defendants in their official capacities.  Claims for damages against the individuals who carry out the work of State government in their official capacity are treated as suits against the governmental entity itself.  *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "[A] claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment."  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984).  For this reason, the Eleventh Amendment precludes Plaintiff's claims against Counsel Defendants, who were at all times employees of the ABME.  *See, e.g., Waltz v. Herlihy*, 682 F. Supp. 501, 503 (S.D. Ala. 1988) (applying Eleventh Amendment immunity to preclude plaintiff's claims against individual defendants associated with ABME in their official capacities); *Wood v. Jackson Hosp.*, 2018 WL 4656422, at *23 (M.D. Ala. Aug. 23, 2018) (R. & R.) (recommending dismissal of a claim against the ABME and its employee under Eleventh Amendment immunity) *adopted by Wood v. Jackson Hosp., et al.*, 2018 WL 4655740, at *1 (M.D. Ala. Sept. 27, 2018)  (holding that an ABME employee sued in his official capacity on behalf of the ABME shared the ABME's Eleventh Amendment immunity precluding damages claims against him).

Additionally, Counsel Defendants are immune from Plaintiff's claims under the doctrine of qualified immunity, which protects government officers when they are sued in their individual capacities from liability for civil damages so long as the conduct in which they engaged did "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Counsel Defendants are also immune from suit via state-agent immunity, as outlined in *Ex parte Cranman*, 792 So. 2d 392, 405 (Ala. 2000). While Plaintiff has attempted to avoid an immunity bar by alleging that Counsel Defendants were acting outside the scope of their employment, Plaintiff's conclusory allegations fail to meet the federal pleading standards articulated in *Iqbal/Twombly*, and what specific facts pleaded by Plaintiff demonstrate that Counsel Defendants were, in fact, acting within the scope of their employment with the ABME at all times.  *See infra* § III at 6-12.  Therefore, Plaintiff's claims against Counsel Defendants are due to be dismissed.

Counsel Defendants further adopt by reference, and incorporate herein, all arguments asserted by the ABME in support of its motion to dismiss regarding immunity.

### III.   Even if Counsel Defendants are not immune from suit, Plaintiff has failed to state a claim of tortious interference of employment relationship against Counsel Defendants.

The following elements must be shown "by substantial evidence" to establish a prima facie case of tortious interference with business relations: "(1) the existence of a protectible business relationship; (2) of which the defendant knew; (3) to which the *defendant was a stranger*; (4) with which the defendant intentionally interfered; and (5) damage." *White Sands Group, L.L.C. v. PRS II, LLC,* 32 So. 3d 5, 14 (Ala. 2009) (emphasis supplied).  Under Alabama law, a party to a contract or an employment relationship cannot be liable for an interference with that relationship. *See, e.g., Lolley v. Howell*, 504 So. 2d 253, 255 (Ala. 1987); *Harrell v. Reynolds Metals Co.*, 495 So. 2d 1381, 1388 (Ala. 1986).  Moreover, an employee acting within the scope of her authority is considered under Alabama law to be a party to a co-employee's employment relationship.  *See, e.g., Hickman v. Winston Cty. Hosp. Bd.*, 508 So. 2d 237, 239 (Ala. 1987).  Plaintiff's SAC shows on its face that Counsel Defendants were Plaintiff's co-employees (*See* Doc. 74 at pg. 3, para. 1, and pg. 6, paras. 4-5), and thus were not strangers to Plaintiff's employment relationship with the ABME.

For that reason, to state a claim for tortious interference with employment relations against a co-employee of the ABME, Plaintiff must allege that the co-employees, Counsel Defendants, "act[ed] outside [their] scope of employment and

6

[acted] with malice." *See Perlman v. Shurett*, 567 So. 2d 1296, 1297. When an employee "acts within the general range of [his/her] authority intending to benefit the [employer], the law identifies [his/her] actions with the [employer]," and the co-employee cannot be held liable for interference with employment relations if the employer cannot be held liable for that tort. *Id*. (internal citations omitted).

Although Count II of the SAC alleges in a conclusory fashion that Counsel Defendants acted "outside the line and scope of [their] staff position" in "talking to strangers about a totally false and improper relationship or extra marital affair [by Plaintiff] with [another] staff member" (Doc. 74 at pg. 13, paras. 7-8), and that Counsel Defendants, who were at all times staff attorneys in ABME's legal division (*Id.* at pg. 6, para. 4), created a false impression that the ABME "legal division was in shambles" (*Id.* at pg. 13, para. 8), Plaintiff's pleading fails to satisfy *Iqbal/Twombly* pleading requirements.

Under *Iqbal/Twombly*, to survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A review of the SAC

demonstrates that Plaintiff is simply "armed with nothing more than conclusions." *Id*. at 678-79.

The conclusory allegation in Count II that Counsel Defendants acted outside the scope of their employment is deficient under *Iqbal/Twombly* first because nowhere does the SAC identify any "strangers" to whom Counsel Defendants allegedly spoke about an improper relationship.[1] Nor does the SAC allege any facts supporting a contention, if there be one, that Counsel Defendants having spoken to a "stranger" about an "improper relationship" caused Plaintiff to lose his position with the ABME. Rather, the SAC alleges that Counsel Defendants presented "fabricated evidence" to the ABME, their employer, which proximately caused Plaintiff's dismissal. Such an alleged report to Counsel Defendants' employer about the agency director does not support any plausible contention that Counsel Defendants were acting outside the line and scope of their employment. In fact, it supports the opposite conclusion—the ABME's attorneys allegedly reported a matter directly to their employer, an act clearly within the scope of their employment. Indeed, the SAC does not allege that doing so fell outside Counsel Defendants' employment. Nor could it.

---

[1] Interestingly, Count II of Plaintiff's SAC alleges that Counsel Defendants also spoke to Board members about Plaintiff having an "improper relationship", but does not allege, nor could it, that Counsel Defendants acted outside their employment in doing so.

Presenting complaints to one's employer about the director of the agency, or anyone doing business with the employer, falls squarely within the line and scope of one's employment. *See, e.g.*, *Hanson v. New Tech., Inc.*, 594 So. 2d 96, 101 (Ala. 1992). In *Hanson*, an employee of the defendant corporation wrote a memorandum to her employer, and all employees in the company, that allegedly falsely accused plaintiff of dishonesty resulting in termination proceedings. *Id.* at 99-101. On summary judgment, the Alabama Supreme Court found as a matter of law that the defendant employee was acting within the scope of her authority and could not, therefore, be liable for interference regardless of whether facts in the memorandum were false. *Id.* at 101.

*Henderson v. Early*, 555 So. 2d 130, 132 (Ala. 1989), also supports this proposition. There, the plaintiff sued a co-employee for intentional interference alleging that her employment was terminated because of defendant's fabricated, false, and malicious comments about her. *Id.* at 131. The plaintiff also alleged that the comments were made by the defendant to further the defendant's "own personal goals." *Id*. Despite these allegations, the Alabama Supreme Court held that the plaintiff had not sufficiently alleged that the defendant had acted outside the line and scope of her employment. *Id.* at 132.

The dispositive point is that under *Iqbal*/*Twombly* pleading requirements, merely alleging that Counsel Defendants fabricated and communicated false

statements to the ABME does not adequately support Plaintiff's conclusory allegation that, in doing so, Counsel Defendants were acting outside the scope of their employment.

The apparent purpose of Plaintiff's allegation that Counsel Defendants communicated falsehoods to "strangers" is to add support for Plaintiff's conclusory allegation that Counsel Defendants were acting outside the scope of their employment. This effort, however, is unavailing. Although Plaintiff does not allege to what strangers Counsel Defendants supposedly communicated falsehoods, the only alleged "stranger" referred to by name in Plaintiff's SAC is Defendant Dr. Boyde Jermone Harrison ("Harrison"). (*See* Doc. 74 at pg. 5, para. 3). According to Plaintiff's SAC, Defendant Harrison became a "stranger" on August 15, 2017, when he resigned as president of the Medical Association of the State of Alabama ("MASA") and, therefore, from the Board of Censors of MASA. (*See* Doc. 74 at pg. 4, para. 3). As a result of that alleged resignation, according to Plaintiff's SAC, Defendant Harrison could no longer serve on the ABME even though he continued to participate fully as a member of the ABME during all relevant times. (*See* Doc. 74 at pg. 4, para. 3, and pg. 28, para. 17).

Counsel Defendants adopt by reference, and incorporate herein, the motion to dismiss filed by Defendant Harrison, including in particular his position with respect to whether at relevant times he continued to serve de jure as a member of

10

the ABME.  Whether he did or not, there is no allegation in Plaintiff's SAC that Counsel Defendants were aware that Defendant Harrison had resigned from service as president of MASA, or that for any other reason, he might not validly be serving as a member of the ABME.

The allegations of Plaintiff's SAC in any event make clear that Defendant Harrison continued to serve as a de facto member of the ABME.  Accordingly, even if Counsel Defendants communicated false complaints to Defendant Harrison about Plaintiff, something they deny having done, the communication of those complaints still would have been within the line and scope of their employment. As is made clear by Ala. Code § 36-1-2, Defendant Harrison's acts in exercising the functions of a member of the ABME were valid and binding not only with respect to Plaintiff, but also with respect to all other persons interested or affected by his acts.[2] That would include Counsel Defendants.

---

[2] Alabama Code § 36-1-2 provides as follows:

> The official acts of any person in possession of a public office and exercising the functions thereof shall be valid and binding as official acts in regard to all persons interested or affected thereby, whether such person is lawfully entitled to hold office or not and whether such person is lawfully qualified or not, but such person shall be liable to all penalties imposed by law for usurping or unlawfully holding office or for exercising the functions

Based on the foregoing, Plaintiff's SAC fails to state a cause of action for interference with his employment relationship upon which the Court can grant relief against Counsel Defendants. Even after being given the opportunity to amend his complaint, Plaintiff's SAC fails to adequately plead under the *Iqbal/Twombly* pleading requirements that Counsel Defendants were either strangers to his employment relationship with the ABME or that Counsel Defendants acted outside the scope of their employment in allegedly complaining to management of the ABME about Plaintiff or about the status of the ABME legal division in which Counsel Defendants served.

**IV.** **Even if Counsel Defendants are not immune from suit, Plaintiff has failed to state a claim for violation of privacy against Counsel Defendants.**

With respect to Count III of Plaintiff's SAC, "Violation of Privacy", Plaintiff undertakes to state a claim for "false light" breach of privacy. (*See* Doc. 74 at pg. 23-25). Counsel Defendants adopt by reference, and incorporate herein, the motions to dismiss, and the arguments contained therein, filed by the other defendants in this case. Independently of those motions, however, it is clear from the allegations in Plaintiff's SAC that the Court should dismiss Counsel Defendants from this count.

To state a claim for false-light invasion of privacy against Counsel Defendants, Plaintiff must allege that Counsel Defendants gave publicity to a matter concerning Plaintiff that placed Plaintiff in a false light before the "public." *See,*

12

*e.g.*, *Regions Bank v. Plott*, 897 So. 2d 239, 244 (Ala. 2004) (quoting *Butler v. Town of Argo*, 871 So. 2d 1, 12 (Ala. 2003)).  Plaintiff's SAC fails to do so here.

Challenged communications that are not sufficiently public cannot give rise to a "false light" cause of action.  *See, e.g., Cartwright v. Tacala, Inc.*, 2000 WL 33287445, at *13-14 (M.D. Ala. Nov. 1, 2000).  In *Cartwright*, the plaintiff, an employee at a restaurant, brought a false light claim against her manager alleging that in three staff meetings with other employees (about 18 people) the defendant suggested the plaintiff was having a romantic relationship with a co-worker.  *Id*. at *14.  In granting summary judgment, the Court held that the communications were not truly public, relying upon *Hoover v. Tuttle*, 611 So. 2d 290, 292 (Ala. 1992) (no actionable "false light" claim where false statements were made in an executive committee meeting) and *Johnston v. Fuller*, 706 So. 2d 700, 703 (Ala. 1997) (in finding insufficient publicity to support an invasion of privacy claim, stating, "[Defendant] did not broadcast over the radio the information obtained about [plaintiff], he did not print it in a newspaper, and he did not tell it to a large number of people.").

With respect to Counsel Defendants, Plaintiff's allegations are even more deficient than with respect to other defendants named as parties to the "violation of privacy" count.  Plaintiff does not allege in Count III that Counsel Defendants publicized anything about him.  Rather, putting Plaintiff's exceedingly ambiguous

allegations of fact in this count in their best light, the heart of the purported claim is that the defendant members of the ABME, who are the same people who serve on MASA's Board of Censors, discussed Plaintiff at a Board of Censors meeting. According to Plaintiff, the exact same individuals discussing him outside of a meeting of the ABME (i.e., in a meeting of the Board of Censors attended only by the same people who would attend a meeting of the ABME) satisfies the publicity element of a false light breach of privacy claim.[3]  Put differently, Plaintiff contends that Defendant ABME members' communicating about Plaintiff to themselves at a meeting of the Board of Censors put Plaintiff in a false light "before the "public."

Leaving aside the illogic of Plaintiff's position, there is no allegation in Count III that Counsel Defendants attended the relevant, or any other, Board of Censors meeting or that they at any time communicated anything about Plaintiff to the Board of Censors.  For that reason alone, and for the reasons set out in the motions to dismiss filed by other defendants, Count III should be dismissed as to Counsel Defendants.

---

[3] Plaintiff does allege that "at least one other private individual" attended the Board of Censors meeting.  Aside from the problem that communicating to so few people does not satisfy the "publicity" element of a false light breach of privacy claim, Plaintiff's SAC alleges that this Board of Censors meeting was a private (Doc. 74 at pg. 26, para. 8), non-public (*Id.* at pg. 28 para. 15), and off-the-record (*Id.* at pg. 26, para. 8) meeting.

## <u>CONCLUSION</u>

Based on the above, the Court should grant Counsel Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint.

Respectfully submitted,

s/Robert D. Segall
Robert D. Segall (ASB-7354-E68R)
Copeland Franco Screws & Gill, P.A.
Post Office Box 347
Montgomery, AL 36101-0347
Phone: (334) 834-1180
Fax: (334) 834-3172
Email: segall@copelandfranco.com

*Attorney for Patricia Shaner*

s/ Marc James Ayers
Marc James Ayers (ASB-7731-A60M)
Davis S. Vaughn (ASB-4208-W14X)
Bradley Arant Boult Cummings LLP
1819 5th Avenue N.
Birmingham, AL 35203-2120
Mayers@bradley.com
dvaughn@bradley.com

*Attorneys for Wilson Hunter*

15

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of May 2019, I filed the foregoing with the Clerk of the Court using the CM/ECF System which will notify the following counsel of record electronically:

| | |
|---|---|
| **Attorney for Plaintiff**<br>B. Kincey Green, Jr.<br>Reeves & Stewart, P.C.<br>P.O. Box 447<br>Selma, AL  36702<br>kincey@bellsouth.net<br><br>**Attorneys for Alabama Board of Medical Examiners; H. Joseph Falgout, M.D.; Mark H. LeQuire, M.D.; Gregory W. Ayers, M.D.; Eli L. Brown, M.D.; David P. Herrick, M.D.; Beverly F. Jordan, M.D., Gary F. Leung, M.D.; John S. Meigs, Jr., M.D., Dick Owens, M.D.; Bradley S. Rice, M.D., Charles M.A. Rogers, IV, M.D.**<br><br>Barbara J. Wells<br>C. Richard Hill, Jr.<br>Capell & Howard, P.C.<br>P.O. Box 2069<br>Montgomery, AL 36102-2069<br>Barabara.wells@chlaw.com<br>Rick.hill@chlaw.com<br><br>Tabor Novak<br>Miland Simpler, III<br>Ball, Ball Matthews & Novak, PA<br>P.O. Box 2148<br>Montgomery, AL 36102-2148<br>tnovak@ball-ball.com<br>msimpler@ball-ball.com | **Attorneys for Board of Censors of the Medical Assn. of AL and The Medical Assn. of AL**<br>Arnold W. Umbach, III<br>Madeleine Greskovich<br>Walter W. (Billy) Bates<br>Starnes Davis Florie, LLP<br>100 Brookwood Place, Floor 7<br>Birmingham, AL 35209<br>tumbach@starneslaw.com<br>msg@starneslaw.com<br>wwb@starneslaw.com<br><br>**Attorney for Boyde Jerome Harrison, M.D.**<br>Brandon Essig<br>Logan Mathews<br>Lightfoot Franklin & White, LLC<br>400  20th Street N.<br>Birmingham, AL 35203-3202<br>bessig@lightfootlaw.com<br>lmatthews@lightfootlaw.com |

16

s/ Davis S. Vaughn
Of Counsel