IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NORRIS W. GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | 2:18-cv-719-SMD |
| STATE BOARD OF MEDICAL | ) | |
| EXAMINERS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION & ORDER**

**I.    INTRODUCTION**

Plaintiff Norris W. Green ("Green") brings constitutional and state-law claims arising from his alleged termination as Executive Director of the Alabama State Board of Medical Examiners (the "Board"). He sues the Board, the Medical Association of Alabama, and fourteen named current and/or former members and/or employees of the Board in their individual and official capacities seeking in excess of $10,000,000 in punitive and compensatory damages as well as declaratory and injunctive relief. By order dated April 20, 2019 (Doc. 73), the Court held that plaintiff's 54-page "First Amended Complaint for $10,000,00.00 Compensatory and Punitive Damages" (Doc. 48) ("first amended complaint") was a shotgun pleading that violated Rule 8's pleading standard and granted defendants' motions for a more definite statement (Docs. 55, 56). Plaintiff timely filed a "Second Amended Complaint for $10,000,000" (Doc. 74) ("second amended complaint"), but this 35-page second amended complaint utterly fails to cure the pleading

deficiencies noted in plaintiff's first amended complaint and actually makes them worse. Pending before the Court are four motions to dismiss plaintiff's second amended complaint raising, among other defenses, Eleventh Amendment immunity, qualified immunity, and state agent immunity. (Docs. 77, 78, 79, 80). Because the Court cannot make heads or tails of plaintiff's prolix and confusing second amended complaint (Doc. 74), it cannot rule on the substance of defendants' motions. Rather, plaintiff's second amended complaint (Doc. 74) is hereby DISMISSED in its entirety WITH PREJUDICE as a shotgun pleading pursuant to Fed. R. Civ. P. 8(a)(1), 8(d)(1), and 10(b) for failing to comply with the federal pleading standard and pursuant to Rule 12(b)(6) for failure to state a claim.

## II. DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In addition, Rule 10 requires a plaintiff to "state its claims [] in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The Supreme Court explains that "the pleading standard Rule 8 announces does not require 'detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id.* (internal quotes omitted). A complaint must contain enough well-pleaded

facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain factual allegations sufficient "to raise a right to relief beyond the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim. *Iqbal*, 566 U.S. at 678 (*quoting Twombly*, 556 U.S. at 555). The Eleventh Circuit explains that "complaints . . . must now contain either direct or inferential [factual] allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Randall v. Scott*, 610 F.3d 701, 707 n. 2 (11th Cir. 2010) (internal quotes and citation omitted). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678.

To determine whether plaintiff has stated a claim, a court should first "eliminate any allegations in the complaint that are merely legal conclusions," and then, if there are any well-pleaded factual allegations remaining, assume their veracity and decide "whether they plausibly give rise to an entitlement to relief." *Amer. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (internal quotes and citation omitted). "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556).

It appears that plaintiff here is attempting to prevent the Court from effectively engaging in the threshold analysis required by *Iqbal* and *American Dental Association* by

3

filing a rambling and incomprehensible second amended complaint that does not separate the factual wheat from the conclusory chaff (Doc. 74). The Court will not allow this tactic to succeed and refuses to spend valuable judicial resources attempting to untangle and decipher a convoluted and intentionally opaque pleading. In fact, the Eleventh Circuit observes that, "[b]y attempting to prosecute an incomprehensible pleading to judgment, the plaintiff[] obstruct[s] the due administration of justice in the District Court," and "[t]olerating such behavior constitutes toleration of obstruction of justice." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1352, 1357 (11th Cir. 2018). The undersigned does not intend to tolerate obstruction of justice, and the Eleventh Circuit holds that a "district court does not abuse its discretion in dismissing [a] case *with prejudice* on shotgun pleading grounds" when a plaintiff fails to remedy the defects in a complaint after fair notice and an opportunity to replead through an order for a more definite statement or similar order. *Id.* at 1358 (emphasis added).

Here, the Court gave plaintiff notice of the deficiencies in the first amended complaint and ordered him to replead. (Doc. 73). Among the deficiencies noted were (1) that plaintiff's 47-paragraph "Factual Allegations" were incorporated by reference in each of the five causes of action (2) that much of the narrative contained within the five causes of action is confusing and argumentative, and a significant portion of the alleged facts seems irrelevant to the claim asserted, and (3) that it was unclear which claims were asserted against which defendants. (Doc. 73) at 3-7. The Court specifically ordered plaintiff to file a second amended complaint that, among other requirements, "set forth, in separately numbered paragraphs, allegations of fact that are simple, concise, direct,

4

sufficiently detailed, and material to Plaintiff's claims. Plaintiff must allege facts showing each Defendant's involvement in each claim and how each Defendant violated Plaintiff's rights. Legal arguments shall not be included in the factual allegations." (Doc. 73) at p. 7 ¶ b.

Incredibly, rather than drafting new factual allegations as ordered, plaintiff simply deleted the entire "Factual Allegations" section from his first amended complaint. (Doc. 74). The second amended complaint now jumps straight from the "Parties" section to the five numbered causes of action. (Doc. 74) at 7-8. There are certainly no separately numbered paragraphs setting forth simple, concise, and direct allegations of fact as ordered by the Court. Well-pleaded facts are the basic five W's: who; what; where; when; why; and how. They appear nowhere in this complaint. With respect to the "Parties" section, it is virtually unchanged from the previous complaint and is still "peppered with purported facts and allegations of wrongdoing" as pointed out in the Court's previous order (Doc. 73) at 3. *Compare* (Doc. 48) at 5-10 *with* (Doc. 74) at 3-8. The same is true for the five numbered causes of action which still contain page after page of rambling conclusory allegations and legal arguments. (Doc. 74) at 8-33.

To decipher this pleading the Court would have to sift through every line in 35 pages searching for any factual nuggets hidden among the lengthy conclusory statements, naked assertions, and legal arguments. The Court has no obligation to do so and cannot reasonably perform its duty of eliminating mere legal conclusions and separating them from any well-pleaded facts on the basis of this shotgun pleading. *Iqbal*, 566 U.S. at 679; *Amer. Dental Assoc.*, 605 F.3d at 1290. This is the underlying problem with this complaint,

and it appears intentionally calculated to stave off dismissal for failure to state a claim by making it impossible to perform the *Iqbal* analysis.

The Court is also troubled by a new sentence added to plaintiff's "Statement of the Case" that "[d]ue to the inherent nature of conspiracies, and the delay in obtaining discovery in federal courts, the allegations which follow are based upon factual information, reasonable belief, and the reasonable and logical inferences drawn therefrom." (Doc. 74) at 2. This in an apparent attempt to avoid Rule 11's requirement that "factual contentions have evidentiary support or, if *specifically so identified*, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" Fed. R. Civ. P. 11(b)(3) (emphasis added). Plaintiff's blanket disclaimer does not satisfy Rule 11 because it does not specifically identify which factual contentions, if any, have evidentiary support and which are based upon information and belief. The Court reads the disclaimer as tantamount to an admission that there is no evidentiary support for anything asserted in the pleading.

Finally, the Court notes that plaintiff here is counsel represented, and his pleadings are not entitled to the same leniency afforded to pleadings drafted by *pro se* parties. *Hughes v. Rowe,* 449 U.S. 5, 9 (1980); *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998). This is now plaintiff's third complaint. (Docs. 1, 48, 74). The Court has pointed out the deficiencies in plaintiff's first amended complaint and ordered him to correct them. (Doc. 73). Plaintiff has failed to do so and has instead filed yet another shotgun pleading that violates the federal pleading standard and has forced defendants to

expend considerable resources in responding to it. It is time to stop this abuse of the judicial process.

**III.    CONCLUSION**

ACCORDINGLY, for the above-stated reasons, plaintiff's second amended complaint (Doc. 74) is hereby DISMISSED in its entirety WITH PREJUDICE pursuant to Fed. R. Civ. P. 8(a)(1), 8(d)(1), and 10(b) for failing to comply with the federal pleading standard and pursuant to Rule 12(b)(6) for failure to state a claim.

Further, it is

ORDERED that defendants' motions to dismiss (Doc. 77, 78, 79, and 80) are DENIED as MOOT.

A separate judgment shall be entered.

DONE this 12th day of March, 2020.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE